# EXHIBIT A

Law Offices
Bernhardt, Rothermel & Siegel, P.C.
By: Frank A. Rothermel, Esquire
Attorney Identification No.: 54038
1515 Market Street, Suite 1540
Philadelphia, Pennsylvania 19102
(215) 568-0100

Filed and Attested by the
Office of Judicial Records
20 AUG 2018 07:08 pm
R. EDWARDS

| | |
|---|---|
| Ishynique McCoy<br>2046 Turner Street<br>Philadelphia, PA 19121<br>　　　　　　　　Plaintiff<br><br>　　　　V.<br><br>T-Mobile Store<br>575 N 52nd St Suite 708<br>Philadelphia, PA 19131<br>　　　　and<br>T-Mobile USA, Inc.<br>12920 Se 38th St.<br>Bellevue, WA 98006<br>　　　　and<br>(CONTINUED ON NEXT PAGE | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br><br><br>JULY TERM, 2018<br>No. 0138 |

## NOTICE TO DEFEND

### Notice

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
　　IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostos derechos importantes para usted.
　　LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107
(215) 238-6300

Assurant, Inc.
28 Liberty Street, 41st Floor
New York City, NY 10005
                and
Asurion
648 Grassmere Park
Nashville, TN 37211
                and
Apple, Inc
One Apple Way
Cupertino, CA 95014
                DEFENDANTS

## CIVIL ACTION -PRODUCTS LIABILITY ACTION

### I.  THE PARTIES

1.  Plaintiff Ishynique McCoy is an adult individual and resides at 2046 Turner St. Philadelphia, PA

2.  Defendant T-Mobile Store is a phone service provider and retailer located and doing business at 575 N 52nd St Suite 708, Philadelphia, PA 19131.

3.  Defendant T-Mobile USA, Inc. is a phone service provider and retailer located and doing business at 575 N 52nd St Suite 708, Philadelphia, PA 19131.

4.  At all times material hereto, Defendant T-Mobile USA, Inc., operated, managed, maintained, controlled, and oversaw the business operations of the T-Mobile defendants, regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in the City of Philadelphia.

5.  Defendant Assurant is an insurance company located at 28 Liberty Street, New York, NY and which provided insurance policies all over Pennsylvania, regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in the City of Philadelphia.

6. It is believed and therefore averred that Defendant Assurant may have provided the replacement Apple iPhone 6 Serial Number IMEI:354387062506228 at issue in this matter.

7. Defendant Asurion is an insurance company located at 648 Grassmere Park, Nashville, TN 37211 and which provided insurance policies all over Pennsylvania, regularly maintained contact with the Commonwealth of Pennsylvania and regularly conducted business in the City of Philadelphia.

8. It is believed and therefore averred that Defendant Asurion may have provided the replacement Apple iPhone 6 Serial Number IMEI:354387062506228 at issue in this matter.

9. Defendant Apple, Inc. is a technology company that was regularly in the business of designing, manufacturing, fabricating, selling, distributing, servicing, and/or installing electronic wireless devices, including but not limited to the Apple iPhone 6 Serial Number IMEI:354387062506228.

II. FACTUAL BACKGROUND

10. Sometime prior to July 17, 2016 Defendants T-Mobile Store; T-Mobile USA, Inc.; Assurant, Inc.; Asurion; and Apple, Inc., designed, manufactured, sold and placed into he stream of commerce the Apple iPhone 6 Serial Number IMEI:354387062506228.

11. On or about, July 17, 2016, Plaintiff Ishynique McCoy, had her Apple iPhone 6 Serial Number IMEI:354387062506228 in her back pocket when the phone suddenly and without warning exploded in her pocket due a defective condition of

the phone and/or its battery thereby sustaining serious and permanent injuries set forth more fully herein.

12. At all times relevant hereto, Plaintiff was using the subject phone for the purposes for which the subject phone was designed, manufactured, fabricated, sold, distributed, serviced and/or installed by the Defendants.

13. As a result of the joint and/or several negligence of Defendants, Plaintiffs suffered injuries and damages more particularly described hereinafter.

## COUNT I - NEGLIGENCE
## PLAINTIFF v. T-MOBILE STORE

14. Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

15. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant T-Mobile Store, acting through its agents and employees by:

    (a) failing to properly test, distribute and sell the subject iPhone;

    (b) failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

    (c) failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

    (d) failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its forseeable users and operators;

4

Case ID: 180700138

(e) failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

(f) issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g) failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(h) failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject iPhone;

(i) failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant T-Mobile Store;

(j) failing to conduct adequate studies, tests, and inspections of the subject iPhone;

(k) failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(l) failing to properly train and instruct Plaintiff on the safe use and operation of the subject phone after it was designed and manufactured by Defendants;

(m) failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(n) failing to institute a timely recall and/or inspection program to determine the existence and/or degree of product defect;

(o) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development,

    manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

(p) failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q) failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

(r) doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

16. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe aches, pains, mental anxiety and anguish, severe shock to her nervous system and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy, claims damages from Defendant T-Mobile Store in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

## COUNT II - NEGLIGENCE
<u>PLAINTIFF v. T-MOBILE USA, INC.</u>

17. Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

Case ID: 180700138

18. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant T-Mobile USA, Inc., acting through its agents and employees by:

(a) failing to properly test, distribute and sell the subject iPhone;

(b) failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

(c) failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

(d) failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its forseeable users and operators;

(e) failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

(f) issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g) failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(h) failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject iPhone;

(i) failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant T-Mobile Store;

7

(j) failing to conduct adequate studies, tests, and inspections of the subject iPhone;

(k) failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(l) failing to properly train and instruct Plaintiff on the safe use and operation of the subject phone after it was designed and manufactured by Defendants;

(m) failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(n) failing to institute a timely recall and/or inspection program to determine the existence and/or degree of product defect;

(o) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

(p) failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q) failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

(r) doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

19. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe

aches, pains, mental anxiety and anguish, severe shock to her nervous system and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy, claims damages from Defendant T-Mobile USA, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

## COUNT III - NEGLIGENCE
## PLAINTIFF v. ASSURANT, INC.

20. Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

21. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant Assurant, Inc., acting through its agents and employees by:

   (a) failing to properly test, distribute and sell the subject iPhone;

   (b) failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

   (c) failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

   (d) failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

9

(e)  failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

(f)  issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g)  failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(h)  failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject iPhone;

(i)  failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant T-Mobile Store;

(j)  failing to conduct adequate studies, tests, and inspections of the subject iPhone;

(k)  failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(l)  failing to properly train and instruct Plaintiff on the safe use and operation of the subject phone after it was designed and manufactured by Defendants;

(m)  failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(n)  failing to institute a timely recall and/or inspection program to determine the existence and/or degree of product defect;

(o)  failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development,

10

                manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

(p)    failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q)    failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

(r)    doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

22.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe aches, pains, mental anxiety and anguish, severe shock to her nervous system and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy claims damages from the Defendant Assurant, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

### COUNT IV - NEGLIGENCE
### PLAINTIFF v. ASURION

23.    Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

11

24. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant Asurion, acting through its agents and employees by:

(a) failing to properly test, distribute and sell the subject iPhone;

(b) failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

(c) failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

(d) failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its forseeable users and operators;

(e) failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

(f) issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g) failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(h) failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject iPhone;

(i) failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant T-Mobile Store;

(j) failing to conduct adequate studies, tests, and inspections of the subject iPhone;

(k) failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(l) failing to properly train and instruct Plaintiff on the safe use and operation of the subject phone after it was designed and manufactured by Defendants;

(m) failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(n) failing to institute a timely recall and/or inspection program to determine the existence and/or degree of product defect;

(o) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

(p) failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q) failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

(r) doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

25. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe aches, pains, mental anxiety and anguish, severe shock to her nervous system and

Case ID: 180700138

other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy claims damages from Defendant Asurion in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

## COUNT V - NEGLIGENCE
### PLAINTIFF v. APPLE, INC.

26. Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

27. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant Apple, Inc., acting through its agents and employees by:

    (a)    failing to properly test, distribute and sell the subject iPhone;

    (b)    failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

    (c)    failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

    (d)    failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its forseeable users and operators;

    (e)    failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

Case ID: 180700138

(f) issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g) failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(h) failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject iPhone;

(i) failing to timely and properly inspect the subject iPhone under the circumstances, both known and knowable to Defendant T-Mobile Store;

(j) failing to conduct adequate studies, tests, and inspections of the subject iPhone;

(k) failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(l) failing to properly train and instruct Plaintiff on the safe use and operation of the subject phone after it was designed and manufactured by Defendants;

(m) failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(n) failing to institute a timely recall and/or inspection program to determine the existence and/or degree of product defect;

(o) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

15

(p)     failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q)     failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

(r)     doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

28.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe aches, pains, mental anxiety and anguish, severe shock to her nervous system and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy claims damages from Defendant Apple, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

### COUNT VI - STRICT LIABILITY
PLAINTIFF v. APPLE, INC.

29.     Plaintiff incorporates by reference paragraphs 1-10 as if set forth more fully at length.

30.     The subject iPhone was in a defective and unsafe condition when it left control of the Defendant, Apple, Inc. and was unsafe for its reasonably foreseeable and intended uses.

Case ID: 180700138

31. The subject iPhone was not equipped with every element necessary to make it safe for its reasonably foreseeable and intended uses when put into the stream of commerce.

32. The subject iPhone was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania Law and Section 402A of the Restatement (Second) of Torts.

33. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the severe burning and scarring to her left upper leg and buttock, severe aches, pains, mental anxiety and anguish, severe shock to her nervous system and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functions and ability to perform daily life activities, the extent of which is not yet known.

WHEREFORE, Plaintiff Ishynique McCoy claims damages from Defendant Apple, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs.

BERNHARDT, ROTHERMEL & SIEGEL, P.C.

Dated: August 20, 2018    BY:    /s/ *Frank A. Rothermel*
Frank A. Rothermel (#54038)
Karen E. O'Brien (#95070)
*Attorneys for Plaintiffs*

17

Case ID: 180700138

## VERIFICATION

Frank A. Rothermel, Attorney for Plaintiff in this matter, verifies that the averments contained in the Civil Action Complaint are true and correct to the best of his knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Frank A. Rothermel*

Date: 8/20/18        FRANK A. ROTHERMEL, ESQUIRE

Case ID: 180700138

## CERTIFICATE OF SERVICE

I, Frank A. Rothermel, Esquire, hereby certify that on the below date, I served a true and correct copy of the foregoing *Complaint in Civil Action* by Electronic Mail and/or U.S. Mail postage prepaid upon the following:

Lorena Ahumada
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Attorney for Defendants T-Mobile Store and T-Mobile USA, Inc.

Assurant, Inc.
28 Liberty Street, 41st Floor
New York City, NY 10005

Asurion
648 Grassmere Park
Nashville, TN 37211

Apple, Inc
One Apple Way
Cupertino, CA 95014

BERNHARDT, ROTHERMEL & SIEGEL, P.C.

Dated: August 20, 2018            BY:   /s/ *Frank A. Rothermel*
                                        Frank A. Rothermel (#54038)
                                        Karen E. O'Brien (#95070)
                                        *Attorneys for Plaintiffs*