IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHYNIQUE MCCOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| T-MOBILE STORE, T-MOBILE USA, INC., ASSURANT, INC., APPLE, INC. and ASURION, | : | NO.: 2:18-cv-04079-AB |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

By and through its undersigned counsel, Defendant, Assurant, Inc. ("Assurant") hereby files this Answer and Affirmative Defenses to Defendant, Apple, Inc.'s Cross-Claims.

**<u>ANSWER AND AFFIRMATIVE DEFENSES TO APPLE, INC.'S CROSS-CLAIM</u>**

1. Denied. This paragraph is an incorporation paragraph to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

2. Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Assurant respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

**AFFIRMATIVE DEFENSES**

1. If Plaintiff suffered damages, the same were caused by third persons or entities over whom Assurant has no control, including T-Mobile Store, T-Mobile USA, Inc., Asurion, and/or Apple, Inc.

2. The alleged incident which forms the basis of Plaintiff's cause of action and which allegedly caused injury and damage to Plaintiff was proximately caused or contributed to by the fault of third parties not parties to this suit.

3. The alleged incident which forms the basis of Plaintiff's cause of action occurred as the result of a superseding intervening cause.

4. Plaintiff, by her own conduct, assumed the risk of any or all injuries or damages which she is alleged to have sustained.

5. The alleged incident which forms the basis of Plaintiff's cause of action did not occur.

6. T-Mobile Store, T-Mobile USA, Inc., Asurion, and/or Apple, Inc. are solely liable for any damages arising out of Plaintiff's cause of action.

7. Plaintiff's Complaint fails to state causes of action upon which relief can be granted.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

12. Plaintiff's claims are barred, in whole or in part, by a lack of actual injury or harm.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

14. Plaintiff's claims are barred by the applicable statute(s) of limitations and/or repose.

15. Assurant's acts or omissions cannot be considered the legal cause of any of the injuries or damages Plaintiff is alleged to have sustained.

16. If it is determined that Assurant is liable on Plaintiff's causes of action, Assurant asserts that Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act.

17. If it is determined that Assurant is liable on Plaintiff's causes of action, Assurant asserts that Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Fair Share Act.

18. Plaintiff's claims are barred and/or limited by one or more applicable Pennsylvania state statutes.

19. Plaintiff's claims are barred and/or limited by the applicable provisions of the Pennsylvania Code, and/or other governmental regulations and/or guidelines.

20. Assurant had no duty to Plaintiff under any common law, statute, regulations, or standards.

21. Assurant did not violate any duty owed to Plaintiff under any common law, statute, regulations, or standards.

22. Assurant's conduct was not the proximate cause of Plaintiff's alleged damages.

23. At all relevant times, Assurant acted reasonably, in good faith, and with due diligence.

24. Plaintiff has failed to mitigate her damages.

25. Plaintiff's Complaint is improper and does not comply with Court rules.

26. Assurant incorporates by reference all Defenses set forth in Federal Rule of Civil Procedure 12.

27. Assurant reserves the right to add additional defenses that it deems necessary to its defense during or upon the conclusion of investigation or discovery.

WHEREFORE, Assurant respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

                                                          Respectfully Submitted,

                                                          ROYER COOPER COHEN BRAUNFELD LLC

By: /s/ Matthew Faranda-Diedrich
      Matthew Faranda-Diedrich, Esq.
      Alexander J. Nassar, Esq.
      Two Logan Square
      100 N. 18th Street, Suite 710
      Philadelphia, PA 19103
      (Main office) 215-839-1000
      (Fax) 484-362-2630
      mfd@rccblaw.com
      anassar@rccblaw.com
      *Attorneys for Defendant, Assurant, Inc.*

November 16, 2018

00533917.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHYNIQUE MCCOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| T-MOBILE STORE, T-MOBILE USA, INC., ASSURANT INC., APPLE, INC. and ASURION, | : | NO.: 2:18-cv-04079-AB |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CERTIFICATE OF SERVICE</u>**

    I, Alexander J. Nassar, Esquire, do hereby certify that I caused the foregoing Answer and Affirmative Defenses to Apple, Inc.'s Cross-Claim to be filed electronically and/or via certified mail on the date set forth below, and therefore to be served on all counsel of record.

 

/s/ Alexander J. Nassar
Dated: November 16, 2018                  Alexander J. Nassar, Esquire