IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHYNIQUE MCCOY, | : |
| Plaintiff, | : |
| vs. | : |
| T-MOBILE STORE, T-MOBILE USA, INC., APPLE, INC., and ASURION, | : NO.: 2:18-cv-04079-AB |
| Defendants | : |
| and, | : |
| CWORK SOLUTIONS, LP, | : |
| Defendant/Third-Party Plaintiff, | : |
| vs. | : |
| ATC LOGISTICS & ELECTRONICS, INC. d/b/a GENCO Technology Solutions d/b/a FedEx Supply Chain, | : |
| Defendant/Third-Party Defendant. | : |

By and through its undersigned counsel, and in accordance with the Amendment to the Complaint Ordered by the Court in its December 10, 2019 Order (Dkt. 33), Defendant, CWork Solutions, LP ("Defendant" or "CWork") hereby files this Answer and Affirmative Defenses to the Complaint of Plaintiff Ishynique McCoy's Complaint (the "Complaint"), and its Cross-Claims Against Defendants T-Mobile USA, Inc., Apple, Inc., and Asurion.

**ANSWER TO COMPLAINT**

I.      **THE PARTIES**

1.      Denied.  CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations.

00762073.v1

2. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

3. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

4. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

5. Denied. By way of further response, the allegations in this paragraph are directed to a party that is no longer a Defendant in this litigation, as, via a December 10, 2019 Court Order, CWork was substituted as party for Assurant, Inc. By way of further response, CWork is completely diverse from Plaintiff.

6. Denied.

7. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no

response is required. To the extent a response is required, the allegations in this paragraph are denied.

8. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

9. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## II.   **FACTUAL BACKGROUND**

10. Denied. By way of further response, certain of the allegations in this paragraph are directed to a defendant other than CWork and therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied. The allegation in this paragraph that Assurant "designed, manufactured, sold and placed into he (sic) stream of commerce the Apple iPhone 6 Serial Number IMEI: 354387062506228" is specifically denied. The remaining allegations in this paragraph are denied.

11. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations.

12. Denied. CWork is without knowledge or information sufficient to respond to the allegations in this paragraph and, therefore, denies the allegations.

13. Denied. By way of further response, certain of the allegations in this paragraph are directed to a defendant other than CWork and therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied. Also by way of further response, the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. T-MOBILE STORE

14. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

15. Denied. By way of further response, the allegations in this paragraph and its sub-paragraphs (a)-(r) are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

16. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

## COUNT II - NEGLIGENCE
## PLAINTIFF v. T-MOBILE USA, INC.

17. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

18. Denied. By way of further response, the allegations in this paragraph and its sub-paragraphs (a)-(r) are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

19. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

### COUNT III - NEGLIGENCE
### PLAINTIFF v. CWORK[1]

20. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

21. Denied. By way of further response, the allegations in this paragraph and its subparagraphs (a)-(r) are legal conclusions to which no response is required. To the extent a response is required, it is denied that CWork was reckless, careless, negligent, or liable in any respect to Plaintiff or any other party as alleged in Plaintiff's Complaint or in any other manner to Plaintiff. To the extent subparagraphs (a)(r) contain any factual averments, said factual averments are denied.

22. Denied. By way of further response, the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, it is denied that CWork was reckless, careless, negligent, or liable in any respect to Plaintiff or any other party as alleged in Plaintiff's Complaint or in any other manner to Plaintiff. To the extent this paragraph contains factual averments, those factual averments are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

---

[1] As noted, CWork was substituted for Assurant, Inc. as the party in interest to this Count via the Court's December 10, 2019 Court Order (Dkt. 33).

## COUNT IV - NEGLIGENCE
## PLAINTIFF v. ASURION, INC.

23. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

24. Denied. By way of further response, the allegations in this paragraph and its sub-paragraphs (a)-(r) are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

25. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

## COUNT V - NEGLIGENCE
## PLAINTIFF v. APPLE, INC.

26. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

27. Denied. By way of further response, the allegations in this paragraph and its sub-paragraphs (a)-(r) are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

28. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

## COUNT VI – STRICT LIABILITY
## PLAINTIFF v. APPLE, INC.

29. CWork incorporates its responses to each preceding paragraph as if set forth herein in full.

30. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

31. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

32. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

33. Denied. By way of further response, the allegations in this paragraph are directed to a defendant other than CWork and, therefore, no response is required. To the extent a response is required, the allegations in this paragraph are denied.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

1. If Plaintiff suffered damages, the same were caused by third persons or entities over whom CWork has no control, including T-Mobile USA, Inc., Asurion, and/or Apple, Inc.

2. The alleged incident which forms the basis of Plaintiff's cause of action and which allegedly caused injury and damage to Plaintiff was proximately caused or contributed to by the fault of third parties not parties to this suit.

3. The alleged incident which forms the basis of Plaintiff's cause of action occurred as the result of a superseding intervening cause.

4. Plaintiff, by her own conduct, assumed the risk of any or all injuries or damages which she is alleged to have sustained.

5. The alleged incident which forms the basis of Plaintiff's cause of action did not occur.

6. T-Mobile USA, Inc., Asurion, and/or Apple, Inc. are solely liable for any damages arising out of Plaintiff's cause of action.

7. Plaintiff's Complaint fails to state causes of action upon which relief can be granted.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

12. Plaintiff's claims are barred, in whole or in part, by a lack of actual injury or harm.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

14. Plaintiff's claims are barred by the applicable statute(s) of limitations and/or repose.

15. CWork's alleged acts or omissions cannot be considered the legal cause of any of the injuries or damages Plaintiff is alleged to have sustained.

16. If it is determined that CWork is liable on Plaintiff's causes of action, CWork asserts that Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act.

17. If it is determined that CWork is liable on Plaintiff's causes of action, CWork asserts that Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Fair Share Act.

18. Plaintiff's claims are barred and/or limited by one or more applicable Pennsylvania state statutes.

19. Plaintiff's claims are barred and/or limited by the applicable provisions of the Pennsylvania Code, and/or other governmental regulations and/or guidelines.

20. CWork had no duty to Plaintiff under any common law, statute, regulations, or standards.

21. CWork did not violate any duty owed to Plaintiff under any common law, statute, regulations, or standards.

22. CWork's conduct was not the proximate cause of Plaintiff's alleged damages.

23. At all relevant times, CWork acted reasonably, in good faith, and with due diligence.

24. Plaintiff has failed to mitigate her damages.

25. Plaintiff's Complaint is improper and does not comply with Court rules.

26. CWork incorporates by reference all Defenses set forth in Federal Rule of Civil Procedure 12.

27. CWork reserves the right to add additional defenses that it deems necessary to its defense during or upon the conclusion of investigation or discovery.

WHEREFORE, CWork respectfully requests that this Court enter judgment in its favor, together with fees, costs and any other and further relief this Court may deem just and appropriate.

## CROSS-CLAIMS AGAINST DEFENDANTS, T-MOBILE USA, INC., APPLE, INC. AND ASURION

1.	CWork incorporates its responses to each paragraph in Plaintiff's Complaint and each of CWork's Affirmative Defenses as if set forth herein in full.

2.	If Plaintiff sustained the damages as alleged in the Complaint, all such damages being expressly denied by CWork, then CWork alleges Plaintiff's damages were caused by the acts and/or omissions of co-defendants T-Mobile USA, Inc., Apple, Inc., and Asurion.

3.	If Plaintiff sustained the damages alleged in the Complaint, all such damages being expressly denied, and there is a finding that CWork is liable for such damages, such liability being expressly denied by CWork, then CWork alleges that co-defendants T-Mobile USA, Inc., Apple, Inc., and Asurion are solely liable to Plaintiff, jointly and severally liable to Plaintiff or liable over to CWork for such damages by way of contribution and/or indemnity.

WHEREFORE, CWork respectfully requests that co-defendants T-Mobile USA, Inc., Apple, Inc. and Asurion be found alone and solely liable to the Plaintiff, jointly and severally liable to the Plaintiff, and/or liable over to the Plaintiff by way of contribution and/or indemnity for any sums for which CWork may be found liable to Plaintiff, such liability on CWork's part being specifically denied, together with an award of costs of suit and such other and further relief as this Court may deem appropriate.

        Respectfully Submitted,

        ROYER COOPER COHEN BRAUNFELD LLC

        By:   /s/ Matthew Faranda-Diedrich
               Matthew Faranda-Diedrich, Esq.
               Alexander J. Nassar, Esq.
               Two Logan Square
               100 N. 18th Street, Suite 710
               Philadelphia, PA 19103
               (Main office) 215-839-1000

                                                              (Fax) 484-362-2630
mfd@rccblaw.com
anassar@rccblaw.com

*Attorneys for Defendant, CWork Solutions LP*

Date: January 22, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHYNIQUE MCCOY, | : |
| Plaintiff, | : |
| vs. | : |
| T-MOBILE USA, INC., APPLE, INC., and ASURION, | : NO.: 2:18-cv-04079-AB |
| Defendants | : |
| and, | : |
| CWORK SOLUTIONS, LP, | : |
| Defendant/Third-Party Plaintiff, | : |
| vs. | : |
| FEDEX SUPPLY CHAIN f/k/a ATC LOGISTICS & ELECTRONICS, INC. d/b/a GENCO | : |
| Defendant/Third-Party Defendant. | : |

## CERTIFICATE OF SERVICE

I, Alexander J. Nassar, Esquire, do hereby certify that I caused the foregoing Answer to Plaintiff's Complaint with New Matter and Crossclaims to be filed via the ECF system and therefore served on all counsel of record.

ROYER COOPER COHEN BRAUNFELD LLC

Dated: January 22, 2020

/s/ Alexander J. Nassar
Alexander J. Nassar, Esquire
*Attorneys for Defendant, CWork Solutions, LP*

00762073.v1