IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHYNIQUE MCCOY, | : |
| Plaintiff, | : |
| vs. | : |
| T-MOBILE STORE, T-MOBILE USA, INC., APPLE, INC., and ASURION, | : NO.: 2:18-cv-04079-AB |
| Defendants | : |
| and, | : |
| CWORK SOLUTIONS, LP, | : |
| Defendant/Third-Party Plaintiff, | : |
| vs. | : |
| ATC LOGISTICS & ELECTRONICS, INC. d/b/a GENCO Technology Solutions d/b/a FedEx Supply Chain, | : |
| Defendant/Third-Party Defendant. | : |

**CWORK SOLUTIONS, LP'S THIRD-PARTY COMPLAINT AGAINST GENCO**

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant/Third-Party Plaintiff CWork Solutions, LP ("CWork"), by its undersigned counsel, hereby files this Third-Party Complaint against Third-Party Defendant ATC Logistics & Electronics, Inc. d/b/a GENCO Technology Solutions d/b/a Fedex Supply Chain ("GENCO"), and avers as follows:

**NATURE OF THE ACTION AND PROCEDURAL HISTORY**

1. This is a Third-Party Complaint for common law and contractual indemnification and contribution by CWork against GENCO.

2. This civil action was commenced via the filing of a Complaint (the "Complaint")

by Plaintiff Ishynique McCoy in the Philadelphia, Pennsylvania Court of Common Pleas on August 20, 2018 at Case ID: 180700138. A true and correct copy of said Complaint is attached hereto as Exhibit A.

3. The matter was removed to this Court by defendant Apple, Inc. effective September 21, 2019.

4. By Order dated December 10, 2019 (Dkt. 33) and with consent of the Plaintiff, the Complaint was amended to substitute CWork Solutions, LP for Assurant, Inc.

## PARTIES

5. Third-Party Plaintiff CWork is a Delaware limited partnership with its principal place of business at 676 East Swedesford Road, Wayne, Pennsylvania 19087.

6. Third-Party Defendant GENCO is a Delaware corporation with a principal place of business at 13500 Independence Parkway, Fort Worth, Texas 76177.

## FACTS

7. In the Complaint, Plaintiff Ishynique McCoy alleges that CWork is liable to her on a negligence theory for injuries sustained as the result of defects in her cellular phone, IMEI: 354387062506228 (the "iPhone").

8. CWork denies each and every allegation in the Complaint, denies each and every allegation in any cross-claims or claims for liability over from any co-Defendants to the Complaint, and reserves all rights as to applicable affirmative defenses.

9. Solely for the purposes of this Third-Party Complaint, however, the allegations in the Complaint are adopted and incorporated by reference herein as if the same were set forth more fully at length herein.

10. On or about September 15, 2014, CWork entered into a Repair Services Agreement

and associated Statement of Work with GENCO (the "Agreement"), *inter alia*, for services related to repairs, tests, refurbishing, packaging, and shipping of mobile devices. The Agreement and its amendments and associated Statement of Work are attached hereto together at Exhibit B.

11. On or about December 9, 2015, CWork received the iPhone for repair shipped from Plaintiff and/or an individual in Plaintiff's household.

12. Pursuant to the Agreement, CWork shipped the iPhone to GENCO for repair on December 21, 2015.

13. The iPhone was received back from GENCO by CWork on February 3, 2016.

14. CWork shipped the iPhone back to Plaintiff and/or an individual in Plaintiff's household on February 25, 2016.

15. GENCO warrants the Services (as defined therein) it provided under the Agreement for a period of ninety (90) days from the date any device was received by CWork. Ex. B at § 3.

16. The Agreement further states: "Each Party shall indemnify and hold the other harmless against all and any losses, claims, damages, awards, penalties or injuries, including reasonable attorney's fees which arise from any negligent acts or breach of this Agreement." *Id.* at § 7.

17. Finally, the Agreement further obligates GENCO to carry primary liability insurance. *Id.* at § 15.

18. To the extent repairs to the iPhone were not properly completed and/or contributed to the alleged defect causing alleged injury to Plaintiff, such conduct represents negligence, omissions, and/or conduct in breach of the Agreement by GENCO, to the exclusion of CWork.

19. The Agreement obligates GENCO to provide defense and indemnification to CWork related to the allegations in the Complaint.

20. CWork tendered defense and indemnification to GENCO on June 5, 2019.

21. As of the date of this filing, GENCO has not accepted CWork's tender of defense and indemnification.

## COUNT ONE
## CONTRACTUAL INDEMNIFICATION

22. CWork incorporates, as if set forth fully herein, each and every allegation contained in the preceding paragraphs.

23. Pursuant to the Agreement, GENCO is obligated to indemnify CWork "against all and any losses, claims, damages, awards, penalties or injuries, including reasonable attorney's fees which arise from any negligent acts or breach of [the] Agreement." *Id.* at § 7.

24. As such, CWork is entitled to contractual indemnification from GENCO.

**WHEREFORE**, CWork respectfully requests that the Court enter judgment in its favor against GENCO by way of indemnity, plus interest, attorney's fees and costs.

## COUNT TWO
## COMMON LAW INDEMNIFICATION

25. CWork incorporates, as if set forth fully herein, each and every allegation contained in the preceding paragraphs.

26. Any alleged injury to Plaintiff is the sole result of GENCO's conduct, acts, and/or omissions.

27. CWork is entitled to common law indemnity from GENCO as a result of GENCO's responsibility for any alleged injuries of Plaintiff.

**WHEREFORE**, CWork respectfully requests that the Court enter judgment in its favor against GENCO by way of indemnity, plus interest, attorney's fees and costs.

## COUNT THREE
## CONTRIBUTION

28. CWork incorporates, as if set forth fully herein, each and every allegation contained in the preceding paragraphs.

29. If CWork is adjudged to be liable to Plaintiff (each and every allegation in the Complaint as to CWork is denied) then CWork is entitled to contribution from GENCO.

30. GENCO is liable to CWork for any recovery had against CWork or for that portion thereof that represents the proportionate share of responsibility of GENCO, together with costs, disbursements, and any and all attorney's fees incurred in the defense of this action.

31. CWork's right to contribution arises as a result of GENCO's sole or partial liability for any of Plaintiff's alleged injuries as a result of GENCO's conduct, acts, and/or omissions.

**WHEREFORE,** CWork respectfully requests that the Court enter judgment in its favor against GENCO by way of contribution, plus interest, attorney's fees and costs.

Respectfully Submitted,

Date: January 22, 2020     ROYER COOPER COHEN BRAUNFELD LLC

By: /s/ Matthew Faranda-Diedrich
Matthew Faranda-Diedrich, Esq.
Alexander J. Nassar, Esq.
Two Logan Square
100 N. 18th Street, Suite 710
Philadelphia, PA 19103
(Main office) 215-839-1000
(Fax) 484-362-2630
mfd@rccblaw.com
anassar@rccblaw.com
*Attorneys for Defendant, CWork Solutions, LP*

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHYNIQUE MCCOY, | : |
| Plaintiff, | : |
| vs. | : |
| T-MOBILE STORE, T-MOBILE USA, INC., APPLE, INC., and ASURION, | : NO.: 2:18-cv-04079-AB |
| Defendants | : **THIRD-PARTY COMPLAINT** |
| and, | : |
| CWORK SOLUTIONS, LP, | : |
| Defendant/Third-Party Plaintiff, | : |
| vs. | : |
| FEDEX SUPPLY CHAIN f/k/a ATC LOGISTICS & ELECTRONICS, INC. d/b/a GENCO | : |
| Defendant/Third-Party Defendant. | : |

## CERTIFICATE OF SERVICE

I, Alexander J. Nassar, Esquire, do hereby certify that I caused the foregoing Third-Party Complaint to be filed via the ECF system and therefore served on all counsel of record.

ROYER COOPER COHEN BRAUNFELD LLC

Dated: January 22, 2020

/s/ Alexander J. Nassar
Alexander J. Nassar, Esquire
*Attorneys for Defendant, CWork Solutions, LP*