IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHYNIQUE MCCOY, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-4079 |
| | : | |
| CWORK SOLUTIONS, LP, et al., | : | |
| Defendants. | : | |

**March 17, 2022**                                                                 **Anita B. Brody, J.**

## MEMORANDUM

On July 7, 2016, Plaintiff Ishynique McCoy's refurbished Apple iPhone 6 Plus burst into flames and injured McCoy. As a result, McCoy filed a complaint against Defendants T-Mobile Store, T-Mobile USA, Inc., Assurant, Inc., Asurion, and Apple, Inc. On December 10, 2019, the Complaint was amended to substitute Defendant C-Work Solutions, L.P. ("C-Work") for Defendant Assurant, Inc. On January 22, 2020, C-Work filed a third-party complaint against Third-Party Defendant ATC Logistics & Electronics, Inc. d/b/a GENCO Technology Solutions d/b/a Fedex Supply Chain ("ATC") for indemnification and contribution. I exercise diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.[1] Both C-Work and ATC move for summary judgment. I will grant their motions for summary judgment.

---

[1] A federal court sitting in diversity must apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938), including its choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Here, a choice of law analysis is not necessary because the parties appear to agree that Pennsylvania law applies as they exclusively cite to Pennsylvania law. *Zicherman v. Korean Air Lines Co., Ltd*., 516 U.S. 217, 228-29 (1996) (stating that a choice of law analysis was not required because the parties agreed upon the law to be applied); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) ("Here, the parties' briefs assume that New York law controls this issue, and such 'implied consent ... is sufficient to

1

**I. BACKGROUND**

In 2015, McCoy received an Apple iPhone 6 Plus ("iPhone") that was purchased from T-Mobile USA, Inc. The iPhone was insured by an insurance policy issued by C-Work that covered loss and repairs.

In mid-February 2016, McCoy's iPhone was stolen. Pursuant to the insurance policy, C-Work provided McCoy with a replacement iPhone 6 Plus ("replacement iPhone"). On July 17, 2016, the replacement iPhone exploded and injured McCoy.

Unbeknownst to McCoy, the replacement iPhone had been refurbished before she received it. Pursuant to a Repair Services Agreement, C-Work contracted with ATC to provide services related to testing, repairing, and refurbishing cell phones. On December 21, 2015, C-Work shipped the replacement iPhone to ATC. ATC refurbished the replacement iPhone and returned it to C-Work who then shipped it to McCoy on February 25, 2016.

Both McCoy and ATC obtained experts to opine on what caused the replacement iPhone to explode. McCoy provided an expert report from Jeffrey M. Kobilka who concluded:

> [ATC] performed the refurbishment of the incident phone including modification/replacement of the screen, back cover, battery, front camera, and charging port. To conduct this repair many internal screws would necessarily be removed. A proper repair would include replacing them to the correct location, securing the assemblies. The remains of the phone indicate that this did not occur, as several screws are documented to be missing and one remained loose within the phone. The only reasonable conclusion is that [ATC] failed to install all of the internal screws in the proper locations leaving a screw in between the battery and mid plate. The screw was pressing upon the battery cell and at the time of the incident the screw penetrated the battery cell casing and caused the cell to enter thermal

---

establish choice of law.'" (quoting *Krumme v. WestPoint Stevens, Inc.*, 238 F.3d 133, 138 (2d Cir.2000))). Thus, Pennsylvania law applies to the claims.

> runaway. [ATC] performed a defective refurbishment of the incident iPhone and this was a cause of the incident.

C-Work Summ. J. Mot., Ex. B at 17. ATC provided a conflicting expert report from Samuel G. Sudler III who concluded:

> [I]t is the opinion of S-E-A that the subject battery cell located in the subject Apple iPhone 6 Plus cellular phone was subjected to external damage, unrelated to work performed on the Apple iPhone 6 Plus cellular phone and battery cell, that caused an electrical failure with the battery cell resulting in the injury to Ms. McCoy.

C-Work Summ. J. Mot., Ex. C at 5. Neither expert identified C-Work as a party responsible for the combustion of the replacement iPhone.

## II. STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Both

parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The materials in the record that parties may rely on include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

The inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III. DISCUSSION

In the complaint, McCoy brought claims of negligence against Defendants T-Mobile Store, T-Mobile USA, Inc., C-Work, Asurion, and Apple, Inc. In addition, McCoy brought a strict liability claim "as established by Pennsylvania Law and Section 402A of the Restatement (Second) of Torts" solely against Apple, Inc. Pl.'s Compl. ¶ 32. C-Work then filed a third-party complaint against ATC.

C-Work moves for summary judgment on the basis that McCoy cannot establish her claim of negligence against it. ATC moves for summary judgment on the basis that

if C-Work is not liable to McCoy, then ATC cannot be held liable to C-Work in the third-party complaint for indemnification and contribution.[2]

### A. C-Work's Motion for Summary Judgment

McCoy brings a negligence claim against C-Work. To succeed on a claim of negligence, a plaintiff must establish the following four elements: (1) the existence of a duty or obligation recognized by law; (2) defendant's breach of that duty; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant. *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987). C-Work argues that McCoy cannot succeed on her negligence claim because McCoy has not presented any evidence that C-Work was negligent. McCoy does not respond to C-Work's argument that she has not presented any evidence to establish her negligence claim against C-Work.

Instead, McCoy argues that summary judgment should be denied because she has presented sufficient evidence that C-Work is strictly liable under Pennsylvania law pursuant to section 402A of the Restatement (Second) of Torts for her injuries that resulted from the exploding replacement iPhone. Section 402A provides:

> One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

---

[2] Alternatively, ATC argues the evidence is insufficient to support C-Work's third-party claims.

Restatement (Second) of Torts § 402A(1).[3] McCoy contends that C-Work qualifies as "seller" of the defective replacement iPhone under section 402A; thus C-Work is strictly liable for her harm.

McCoy, however, has not brought a claim for strict liability against C-Work and cannot rely on section 402A to prove her negligence claim. "The strict liability theory [i]s a distinct cause of action in tort." *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 382 (Pa. 2014). "[U]nder Pennsylvania law, Section 402A governs only strict liability claims, and . . . common law negligence claims are subject to a different standard and analysis." *Schwartz v. Abex Corp.*, 106 F. Supp. 3d 626, 635 (E.D. Pa. 2015) (citing *Tincher*, 104 A.3d at 336, 345, 358, 381-83, 384). McCoy cannot succeed on a strict liability theory against C-Work and rely on section 402A because she has only brought a negligence claim against C-Work. Neither expert opined that C-Work was responsible for the replacement iPhone's combustion and McCoy provides no evidence or argument to support her negligence claim against C-Work. Because McCoy cannot establish that C-Work acted negligently and breached a duty of care owed to McCoy, I will grant C-Work's motion for summary judgment.

### B. ATC's Motion for Summary Judgment

The parties agree that McCoy has no direct claims against ATC. Rather, pursuant to Federal Rule of Civil Procedure 14(a)(1), C-Work filed a third-party complaint against ATC, asserting claims for indemnification and contribution. Because

---

[3] Pennsylvania has adopted section 402A of the Restatement (Second) of Torts. *Webb v. Zern*, 220 A.2d 853, 854 (Pa. 1996); *see also Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014) ("Pennsylvania remains a Second Restatement jurisdiction" in regard to section 402A).

C-Work is not liable for negligence to McCoy, ATC argues that it cannot be held derivatively liable to C-Work to contribute or indemnify C-Work for McCoy's negligence claim. C-Work and McCoy do not dispute that if McCoy does not have any claim against C-Work,[4] then C-Work does not have any third-party claim against ATC.

Under Rule 14(a)(1), a defendant may only bring a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed R. Civ. P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990)). "Once the main action is dismissed, third-party claims become moot because a 'third party defendant's liability is secondary to, or derivative of, the original defendant's liability on the original plaintiff's claim.'" *Est. of Burke v. Mahoney City*, 40 F. Supp. 2d 274, 287–88 (E.D. Pa. 1999) (quoting *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir.1982)).

Because McCoy cannot succeed on her negligence claim against C-Work, C-Work cannot succeed on its derivate indemnification and contribution claims against ATC. Therefore, I will grant ATC's motion for summary judgment.

## IV. CONCLUSION

For the above reasons, I will grant C-Work's and ATC's motions for summary judgment.

                                                              s/ANITA B. BRODY, J.
                                                              ANITA B. BRODY, J.

---

[4] McCoy contends that she has a viable claim against C-Work. As discussed above, she does not.