IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

203-98007

| | |
|---|---|
| ISHYNIQUE MCCOY<br><br>V.<br><br>APPLE, INC., T-MOBILE USA, C-WORK SOLUTIONS L.P., ASURION, ATC LOGISTICS AND ELECTRONIC D/B/A GENCO TECHNOLOGY SOLUTIONS (NOW FEDEX LOGISTICS) | NO. 2:18-CV-04079-AB |

**MEMORANDUM IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT T-MOBILE USA**

Defendant, T-Mobile USA, by and through its attorneys, Marks, O'Neill, O'Brien, Doherty and Kelly, P.C., respectfully moves this Honorable Court to render summary judgment in its favor and dismiss any and all claims against it with prejudice, and in support thereof submits this Memorandum of Law in support of its Motion for Summary Judgment.

**I.     MATTER BEFORE THE COURT**

Currently before this Honorable Court is a Motion for Summary Judgment filed by Defendant, T-Mobile USA.

**II.    QUESTION PRESENTED**

Should Defendant's Motion for Summary Judgment be granted as both Plaintiff and Co-Defendant have failed to present any evidence that Defendant T-Mobile USA was negligent or supplied or sold a defective cell phone, and will therefore be unable to establish a prima facie case against T-Mobile USA at trial?

**Suggested Answer:  Yes.**

### III.     FACTS

This case arises from an alleged incident on July 17, 2016, when Plaintiff, Ishynique McCoy ("Plaintiff"), was allegedly burned by an exploding iPhone 6.  On August 20, 2018, Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas, which is attached as Exhibit A.  The case was removed to Federal Court by Notice of Removal on September 21, 2018. Plaintiff sued numerous parties, several of which have since been voluntarily dismissed by Plaintiff, including the iPhone 6 manufacturer, Apple.  Remaining as Defendants are: T-Mobile USA (T-Mobile), the cell service provider, C-Work Solutions, L.P., ("C-Work") which issued insurance on the cell phone to cover loss and repairs; and ATC Logistics & Electronics, Inc. d/b/a Genco Technology Solutions d/b/a FedEx Supply Chain ("FedEx"), which refurbished and/or made repairs to the cell phone.

Plaintiff had a different iPhone 6+ that was stolen, which was then replaced under the C-Work insurance policy with a phone refurbished by FedEx sent directly to Plaintiff.  On July 17, 2016, Plaintiff had the refurbished iPhone 6 next to her on the bed when it is alleged that suddenly and without warning it exploded and caused injuries as more fully outlined in the Complaint.  See Exhibit A. Plaintiff alleges that Defendants were generally negligent handling, inspecting, or providing the device to her.  See Exhibit A.  The evidence in this case has established that C-Work Solutions LP provided certain device protection plans and services to T-Mobile customers, which was the service provider for the cell phone involved in Plaintiff's incident.  The plan provided coverage if a covered device malfunctions, breaks, or is lost or stolen.

The iPhone 6 identified by the serial number of IMEI: 354387062506228 was serviced by ATC Logistics & Electronics, Inc. d/b/a Genco Technology Solutions d/b/a FedEx Supply Chain.

FedEx refurbished the device and would have performed any battery related-work (replacement of battery, new battery, and associated activity), not T-Mobile USA.

Plaintiff presented an expert report from Jeffrey M. Kobilka.  See expert report of Jeffrey Kobilka attached as Exhibit B.  Mr. Kobilka's expert report concludes:

> FedEx Supply performed the refurbishment of the incident phone including modification/replacement of the screen, back cover, battery, front camera, and charging port.  To conduct this repair many internal screws would necessarily be removed.  A proper repair would include replacing them to the correct location, securing the assemblies.  The remains of the phone indicate that this did not occur, as several screws are documented to be missing and one remained loose within the phone.  The only reasonable conclusion is that FedEx Supply failed to install all of the internal screws in the proper locations leaving a screw in between the battery and mid plate.  The screw was pressing upon the battery cell and at the time of the incident the screw penetrated the battery cell casing and caused the cell to enter thermal runaway. FedEx Supply performed a defective refurbishment of the incident iPhone and this was a cause of the incident.

See Exhibit B.  Nothing in Mr. Kobilka's report indicated that any action, or failure to take action, by T-Mobile USA was the cause of the electrical fire within the battery that is alleged to have caused Plaintiff injuries.  Mr. Kobilka was deposed on December 16, 2021, and Mr. Kobilka's testimony was entirely consistent with the opinions in his report, and in no way stated that any action, or failure to take action, by T-Mobile USA was the cause of the electrical fire within the battery that is alleged to have caused Plaintiff injuries.

Defendant FedEx presented an expert report from Samuel G. Sudler, and the report is attached as Exhibit C.  The Mr. Sudler opined the following:

> **Therefore, it is the opinion of S-E-A that the subject battery cell located in the subject Apple iPhone 6 Plus cellular phone was subjected to external damage, unrelated to work performed on the Apple iPhone 6 Plus cellular phone and battery cell, that caused an electrical failure with the battery cell resulting in the injury to Ms. McCoy.**

See Exhibit C. Nothing in Mr. Sudler's report indicated that any action, or failure to take action, by T-Mobile USA was the cause of the electrical fire within the battery that allegedly injured the Plaintiff.

## IV.   ARGUMENT

In Pennsylvania, to establish liability for negligence, a plaintiff must establish the following four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Bethea v. Bristol Lodge Corp.*, 2002 WL 3185934 (E.D. Pa.). Summary judgment "shall be awarded if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(c).

A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the nonmoving party cannot rely on conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact. The nonmoving party, instead, must establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file. Fed. R. Civ. P. 56(e)." *White v. TGI Friday's, Inc.*, 2003 U.S. Dist. LEXIS 24328 (E.D. Pa. 2003).

Plaintiff has not presented ***any evidence*** that Defendant T-Mobile USA was negligent. Plaintiff has not presented ***any evidence*** that Defendant T-Mobile USA supplied or sold a defective cell phone. Plaintiff's own expert opines that the explosion occurred because "FedEx Supply

failed to install all of the internal screws in the proper locations leaving a screw in between the battery and mid plate. The screw was pressing upon the battery cell and at the time of the incident the screw penetrated the battery cell casing and caused the cell to enter thermal runaway." See Exhibit B. The evidence of record established that FedEx's negligence was the cause of the incident as FedEx "performed a defective refurbishment of the incident iPhone and this was the cause of the incident." See Exhibit B.

Nor does the expert retained by Defendant FedEx opine that T-Mobile USA was in any way responsible for the underlying incident. No party, including the Plaintiff, has presented any evidence establishing negligence against T-Mobile USA, and thus Defendant T-Mobile USA is entitled to summary judgment.

Admittedly this Motion is filed beyond the dispositive motion deadline set by this Honorable Court based on the mistaken belief the claims against T-Mobile USA had been dismissed; yet it is respectfully suggested that this Honorable Court should accept and rule on the Motion in the interests of judicial economy since the Plaintiff and FedEx have not asserted viable claims against T-Mobile USA supported by any expert evidence.

In addition to the lateness of this filing it is expected that Plaintiff will oppose this Motion asserting that T-Mobile USA was a "seller" or "supplier" of the allegedly defective cellular telephone and, as such, is strictly liable under the Restatement (Second) of Torts § 402A for the Plaintiff's personal injuries allegedly sustained by its sudden and spontaneous combustion. However, T-Mobile USA was not the manufacturer, which was Apple, a defendant that Plaintiff voluntarily dismissed. If Plaintiff perceived the cell phone to be defective it would not have dismissed Apple; and moreover, would have produced an expert report so stating. Yet the

Plaintiff's expert report mentioned nothing about a defect in the phone, instead pointing to errors and omissions in the phone's refurbishment by FedEx.

But even assuming that T-Mobile USA was a seller or supplier under § 402A as asserted by Plaintiff, which is denied, T-Mobile USA is still entitled to summary judgment because in neither the report nor deposition testimony of Plaintiff's expert, Jeffrey Kobilka, has he issued any opinion against T-Mobile USA, or stated that T-Mobile USA is liable to Plaintiff in any way. There can be no doubt that this case requires expert opinion to establish the cause of the asserted thermal runaway of the battery in the subject cellphone, since such scientific and technical knowledge is beyond that possessed by the average layperson and is necessary to help the trier of fact to understand the evidence and determine a fact in issue; which is precisely why Plaintiff retained Mr. Kobilka and had him issue a report.

Nothing in Mr. Kobilka's report indicated that any action, or failure to take action, of T-Mobile USA was the cause of the electrical fire within the battery that is alleged to have caused Plaintiff injuries, or that T-Mobile USA sold or supplied a defective cell phone. Mr. Kobilka was deposed on December 16, 2021, and he testified consistently with his report. To be sure, if Mr. Kobilka had implicated T-Mobile USA those opinions would be in his report, but they are not. Even if T-Mobile USA was a seller or supplier of the cellphone, Plaintiff has failed to establish it is liable to her. Nor does the expert retained by Defendant FedEx opine that T-Mobile USA was in any way responsible for the underlying incident.

No party, including the Plaintiff, has presented any evidence establishing that T-Mobile USA sold or supplied a defective cell phone, and thus Defendant T-Mobile USA is entitled to summary judgment.

## V.　CONCLUSION

**WHEREFORE**, Defendant, T-Mobile USA, respectfully requests that this Honorable Court grant its Motion for Summary Judgment and enter an Order in the proposed form attached hereto.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

BY:   /s/ J. Mark Pecci, II
       J. Mark Pecci, II, Esquire
       Erica C. Johnson, Esquire
       Attorneys for Defendant,
       T-Mobile USA