IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHYNIQUE MCCOY | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE, INC., T-MOBILE USA, C-WORKS | ) NO. 2:18-CV-04079-AB |
| SOLUTIONS L.P., ASURION, ATC | ) |
| LOGISTICS AND ELECTRONIC | ) |
| D/B/AGENCO TECHNOLOGY SOLUTIONS | ) |
| (NOW FEDEX LOGISTICS) | ) |

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
OF MARCH 18, 2022 (ECF # 84) AND FOR LEAVE
TO FILE AN AMENDED COMPLAINT

Plaintiff, Ishynique McCoy, by way of Motion for Reconsideration of Order of March 18, 2022 (ECF # 84) granting summary judgment in favor of defendants, CWork Solutions, L.P. and ATC Logistics & Electronics, Inc. d/b/a Genco Technology Solutions d/b/a Fedex Supply Chain and for leave to file an Amended Complaint, says:

1. On July 17, 2016, Plaintiff, Ishynique McCoy, sustained personal injuries when a cell phone manufactured by Apple, refurbished by ATC Logistics & Electronics, Inc. ("ATC") and sold by CWork Solutions, LP ("CWork") and T-Mobile USA, Inc., ("T-Mobile") burst into flame on her bed.

2. On August 20, 2018, Plaintiff filed a Civil Action Complaint in the Philadelphia Court of Common Pleas. [Exh. # 1]

3. The Complaint is entitled "Civil Action - **Products Liability Action**" and asserts the following claims for relief:

1

      a.     Count One–a claim for damages against T-Mobile Store for negligence.

      b.     Count Two, a claim for damages against T-Mobile USA, Inc. for negligence.

      c.     Count Three, a claim for damages against Assurant, Inc. for negligence.

      d.     Count Four, a claim for damages against Asurion for negligence.

      e.     Count Five, a claim for damages against Apple, Inc for negligence.

      f.     Count Six, a claim for damages against Apple, Inc for strict liability in tort under Section 402A of the Restatement (Second) of Torts.

4.     On September 21, 2018, Defendant, Apple, Inc., removed the action to this Court. [ECF # 1]

5.     On December 10, 2019, the Court entered an Order providing that the Complaint be amended to substitute CWork Solutions, LP ("CWork") for Assurant, Inc. [ECF # 33]

6.     On January 22, 2020, after the expiration of the statute of limitations, CWork filed a third-party complaint against ATC Logistics & Electronics, Inc. ("ATC"). [Exh. # 2, ECF 36-1]

7.     The parties agreed to dismiss "T-Mobile Store," "Asurion" and "Apple, Inc." from the case. They are, therefore, no longer, defendants.

8.     The parties conducted discovery during which they confirmed that:

a. In 2015, Iterria Williams, mother of plaintiff, Ishynique McCoy ("Plaintiff") and Nikita Williams, Plaintiff's aunt, purchased an Apple iPhone 6 Plus cell phone from Defendant T-Mobile USA, Inc. ("T-Mobile") at a T-Mobile store. When they did so, they enrolled in replacement program that protected the phone against loss, theft, or damage. The terms of the plan included the payment of a monthly premium, and there was a deductible in the amount of $175.00. They then gave the phone to Ishynique, who put it to use.

b. T-Mobile's replacement plan was provided by Defendant, CWork Solutions, LP, which, according to its "Corporate Disclosure Statement" is an "indirect subsidiary of Assurant, Inc., which is 100% owned by Assurant, Inc. affiliates." [Exh. # 3]

c. In mid-February 2016, Plaintiff's phone was stolen. [Exh. # 4, Pl's dep., p. 35] On February 25, 2016, Nikita Williams, her aunt, made a claim under the Assurant/CWork plan. [Exh. # 4] On February 26, 2016, CWork's representative, Catherine Buenaflor, approved the claim and, after receiving a credit card payment in the amount of $175.000, caused a "refurbished" Apple iPhone 6 Plus was shipped by "expedited" UPS to Plaintiff at 2046 Turner Street, Philadelphia, PA 19121.

9. On January 11, 2022, CWork filed a motion for summary judgment, in which it argued that "both Plaintiff and Co-Defendant have failed to present any

evidence that Defendant C-Work Solutions, L.P. was negligent and will therefore be unable to establish a prima facie case of negligence against it at trial." [CWork Memorandum of Law, ECF # 74-2, p. 1]

10. Plaintiff responded to that summary judgment motion by arguing that CWork is a "seller" of the subject defective cellular telephone and, as such, is strictly liable for personal injuries sustained by its sudden and spontaneous combustion under Restatement (Second) of Torts § 402A

11. On January 28, 2022, ATC filed a motion for summary judgment, in which it agreed that it refurbished the subject phone. Relying upon CWork's summary judgment motion, ATC argued that since Plaintiff has no direct claim against CWork, then CWork has no claim against it for indemnity or contribution. The third-party complaint sets forth a claim of secondary liability against ATC, but no such liability can be imposed because Plaintiff has no direct claim against Cwork.

12. Plaintiff asked that the Court reject this argument because she does, indeed, have a viable claim against CWork, which is a Section 402A seller that is strictly liable in tort for the sale of a defective product.

13. On March 8, 2022, the Court granted summary judgment, finding that Plaintiff had only brought a negligence claim against CWork and holding that, since no expert expressed the opinion that CWork was negligent, Plaintiff's negligence claim against it must fail. [Opinion, p. 6] It granted ATC's summary judgment

motion, agreeing that since Plaintiff has not direct claim against CWork, then ATC has not secondary liability

14. The Court's holding flows from an unnecessarily circumscribed interpretation of the Complaint.

15. The Complaint is entitled "CIVIL ACTION -PRODUCTS LIABILITY ACTION." An action for damages caused by a defective product would certainly include a claim for strict liability in tort.

16. Although Count Three, which pleads a cause of action against Assurant, Inc., a defendant whose name was subsequently amended to "CWork Solutions, L.P." is entitled "Negligence," it incorporates many allegations that would equally be at home in a claim for Strict Liability in Tort under Section 402A of the Restatement (Second) of Torts. These include:

(a) failing to properly test, distribute and sell the subject iPhone;

(b) failing to incorporate on the subject iPhone proper and adequate safety measures for the product's foreseeable uses and foreseeable misuses;

(c) failing to provide proper and adequate training regarding operation, use, and safety of the subject iPhone;

(d) failing to properly and adequately test and inspect the subject iPhone to determine whether it could be used without injuring its foreseeable users and operators;

(e) failing to provide adequate warnings, instructions, directions regarding the safe use, operation, maintenance and servicing of the subject iPhone;

(f) issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject iPhone;

(g) failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and misuses of the subject iPhone;

(k) failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses;

(m) failing to discover or take the proper steps to discover the existence of a dangerous, defective or hazardous condition of the subject iPhone;

(o) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject phone and/or its components;

(p) failing to properly and adequately warn Plaintiff of the dangers of defective subject iPhone that Defendants knew or in the exercise of due care should have known existed;

(q) failing to timely or properly advise or notify foreseeable users of the subject iPhone of the defective condition and to expect hazards such as the one Plaintiff experienced; and

17. Subparagraph "k", i.e., "failing to provide every element necessary to make this product safe for its reasonably foreseeable uses and misuses" contains language taken directly from the standard products liability jury instructions, which, following Pennsylvania product liability law, provide:

> Defective design. The manufactur[er] of a product is really a guarantor of its safety. When we talk about **strict liability**, the product must be provided with **every element necessary to make it safe for its intended use** [a]. And without any conditions that make [] it unsafe for its intended use. If you find that the product in this case, the TracPipe, at the time it left the defendant[']s control, lacked any elements necessary to make it safe for its intended use, or contained any condition that made it unsafe for its intended

> use, and there was an alternative more practical design, more safer [sic] design, then the product is considered defective and the defendant is liable for the harm, if you find that defect caused the harm[, and] was the proximate cause of the harm to the plaintiffs.

*Tincher v. Omega Flex, Inc.*, 180 A.3d 386, 390 (Pa. Super. 2018) (emphasis added).

18. The original Complaint does, therefore, set forth a cause of action for Strict Liability in Tort under Section 402A of the Restatement (Second) of Torts.

19. To the extent that the Court may find that the Complaint is lacking, it should permit Plaintiff to file an Amended Complaint. A proposed <u>Amended Complaint</u> is attached as Exhibit # 5.

20. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should **<u>freely give leave</u>** when justice so requires." Fed R. Civ Proc. 15(a)(2) (emphasis added).

21. Subsection c of that rule provides that an amended pleading will relate back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* 15(c)(1)(B). The proposed Amended Complaint asserts a claim arising out of the occurrence set forth in the original complaint, i.e., the spontaneous combustion of the subject phone.

22. The Supreme Court has explained that amendments should be granted in:

> ". . . the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 181, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

23. This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

24. To the extent that defendants would argue that the statute of limitations has run, we again note that an amended "pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." *Id.* 15(c)(1)(B). Because the amendment would merely clarify and expand on allegations relating to existing claims, it relates back and poses no statute-of-limitations problems. See *McDonnell v. McDonnell v. Flowonix,* 2022 WL 22162 (E.D. Pa. 2022) (Amended Complaint related back because it arose from the same "core" facts, conduct and transaction); *James v. United States,* 2020 WL 1624884 (E.D. Pa. 2020).

25. Defendants cannot claim any prejudice because Plaintiff has been prosecuting this case all along as though it was a product liability/strict liability in tort action. No evidence has been lost or destroyed. No memories have faded. An amendment will change nothing.

26. Therefore, if the Court believes that the original complaint was infirm, it should grant Plaintiff leave to file the First Amended Complaint.

27. In any event, the Court should grant the motion for reconsideration. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a motion for reconsideration will only be granted on one of the following three grounds: "(1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." *Blue Mt. Mushroom Co. v. Monterey Mushroom,* 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002), citing *Smith v. City of Chester*, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994); see also *Jubilee v. Horn*, 959 F. Supp. 276, 278 (E.D. Pa. 1997).

28. When it granted the summary judgment motions filed by ATC and CWork, the Court made an error of law. Those defendants did not reply to Plaintiff's argument that CWork was a Section 402A seller and was, therefore, strictly liable in tort. They did not point to any deficiency in the complaint. The Court should not have granted their motions without affording Plaintiff the opportunity to replead.

29. Plaintiff requests that she be given that opportunity. If the Court agrees that the Complaint does not sufficiently set forth a cause of action for Strict Liability in Tort, it should grant Plaintiff the opportunity to file an Amended Complaint, which would relate back by operation of Fed.R.Civ.P. 15(c)(1)(B)

WHEREFORE, Plaintiff requests that the court grant reconsideration, vacate its order granting summary judgment and, if necessary, grant her leave of court to file an amended complaint.

Respectfully submitted,

/s/ Frank A. Rothermel

_____

Frank A. Rothermel, Esq.
1515 Market Street, Suite 1540
Philadelphia, PA 19102
(215) 568-0100
Attorney for Plaintiff