IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHYNIQUE MCCOY, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-4079 |
| | : | |
| CWORK SOLUTIONS, LP, et al., | : | |
| Defendants. | : | |

**April 28, 2022**                                                             **Anita B. Brody, J.**

## MEMORANDUM

On July 7, 2016, Plaintiff Ishynique McCoy's refurbished Apple iPhone 6 Plus burst into flames and injured McCoy.  As a result, McCoy filed a complaint against Defendants T-Mobile Store, T-Mobile USA, Inc. ("T-Mobile USA"), Assurant, Inc., Asurion, and Apple, Inc.  On December 10, 2019, the Complaint was amended to substitute Defendant C-Work Solutions, L.P. ("C-Work") for Defendant Assurant, Inc. On January 22, 2020, C-Work filed a third-party complaint against Third-Party Defendant ATC Logistics & Electronics, Inc. d/b/a GENCO Technology Solutions d/b/a Fedex Supply Chain ("ATC") for indemnification and contribution.

By the close of discovery on December 18, 2021, T-Mobile Store, Apple, Inc., Asurion, and Assurant, Inc. had been dismissed from the action.  The Court ordered the remaining parties (McCoy, T-Mobile USA, C-Work, and ATC) to file dispositive motions on or before January 28, 2022.  Both C-Work and ATC filed timely motions for summary judgment.  On March 18, 2022, the Court granted both motions, leaving T-Mobile USA as the only remaining defendant in the litigation.  On March 21, 2022, almost two months after the dispositive motion deadline, T-Mobile USA filed the

1

pending motion for summary judgment. I exercise diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.[1]  I will deny T-Mobile USA's untimely motion.

## I. BACKGROUND

In 2015, McCoy received an Apple iPhone 6 Plus ("iPhone") that was purchased from T-Mobile USA. The iPhone was insured by an insurance policy issued by C-Work that covered loss and repairs.

In mid-February 2016, McCoy's iPhone was stolen. Pursuant to the insurance policy, C-Work provided McCoy with a replacement iPhone 6 Plus ("replacement iPhone"). On July 17, 2016, the replacement iPhone exploded and injured McCoy.

Unbeknownst to McCoy, the replacement iPhone had been refurbished before she received it. Pursuant to a Repair Services Agreement, C-Work contracted with ATC to provide services related to testing, repairing, and refurbishing cell phones. On December 21, 2015, C-Work shipped the replacement iPhone to ATC. ATC refurbished the replacement iPhone and returned it to C-Work who then shipped it to McCoy on February 25, 2016.

Both McCoy and ATC obtained experts to opine on what caused the replacement iPhone to explode. McCoy provided an expert report from Jeffrey M. Kobilka who concluded:

---

[1] A federal court siting in diversity must apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938), including its choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Here, a choice of law analysis is not necessary because the parties appear to agree that Pennsylvania law applies as they exclusively cite to Pennsylvania law. *Zicherman v. Korean Air Lines Co., Ltd.*, 516 U.S. 217, 228-29 (1996) (stating that a choice of law analysis was not required because the parties agreed upon the law to be applied); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) ("Here, the parties' briefs assume that New York law controls this issue, and such 'implied consent ... is sufficient to establish choice of law.'" (quoting *Krumme v. WestPoint Stevens, Inc.*, 238 F.3d 133, 138 (2d Cir.2000))).  Thus, Pennsylvania law applies to the claims.

> [ATC] performed the refurbishment of the incident phone including modification/replacement of the screen, back cover, battery, front camera, and charging port. To conduct this repair many internal screws would necessarily be removed. A proper repair would include replacing them to the correct location, securing the assemblies. The remains of the phone indicate that this did not occur, as several screws are documented to be missing and one remained loose within the phone. The only reasonable conclusion is that [ATC] failed to install all of the internal screws in the proper locations leaving a screw in between the battery and mid plate. The screw was pressing upon the battery cell and at the time of the incident the screw penetrated the battery cell casing and caused the cell to enter thermal runaway. [ATC] performed a defective refurbishment of the incident iPhone and this was a cause of the incident.

Def.'s Summ. J. Mot., Ex. B at 17. ATC provided a conflicting expert report from Samuel G. Sudler III who concluded:

> [I]t is the opinion of S-E-A that the subject battery cell located in the subject Apple iPhone 6 Plus cellular phone was subjected to external damage, unrelated to work performed on the Apple iPhone 6 Plus cellular phone and battery cell, that caused an electrical failure with the battery cell resulting in the injury to Ms. McCoy.

Def.'s Summ. J. Mot., Ex. C at 5.

## II. STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Both parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The materials in the record that parties may rely on include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

The inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III. DISCUSSION**

T-Mobile USA moves for summary judgment on the grounds that McCoy cannot establish either a negligence or strict liability claim against it. McCoy contends that T-Mobile USA's motion for summary judgment should be denied because it is untimely.[2]

---

[2] Alternatively, McCoy contends that summary judgment should be denied because T-Mobile qualifies as a "seller" of the defective replacement iPhone and can be held strictly liable under

A district court has discretion to establish a deadline for dispositive motions. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Here, the Court required the parties to file dispositive motions on or before January 28, 2022. T-Mobile USA did not file its motion for summary judgment until March 21, 2022, almost two months after the dispositive motion deadline.

Federal Rule of Civil Procedure 6(b) governs when a court may extend a deadline:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). After the time for filing a motion has expired, Rule 6(b)(1)(B) requires that "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion." *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)) . "Under *Pioneer*, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length

---

section 402A of the Restatement (Second) of Torts, which Pennsylvania has adopted. *See Webb v. Zern*, 220 A.2d 853, 854 (Pa. 1996) (adopting section 402A); *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014) ("Pennsylvania remains a Second Restatement jurisdiction" in regard to section 402A). It is unnecessary to address this argument because I will deny the untimely summary judgment motion.

of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* at 785 (quoting *Pioneer*, 507 U.S. at 395). Failure to comply with the requirements of Rule 6(b)(1)(B) and failure to demonstrate excusable neglect are both grounds for denial of an untimely motion. *See, e.g., Kimmel v. Pontiakowski*, No. 3:13CV2229, 2014 WL 2892503, at *2 (M.D. Pa. June 26, 2014) (denying untimely summary judgment motion for two reasons—failure to comply with Rule 6(b)(1)(B) and failure to demonstrate excusable neglect).

Although the dispositive motion deadline had long since expired, T-Mobile USA did not file a formal motion requesting an extension of time to file its motion for summary judgment. Instead, T-Mobile USA filed its untimely summary judgment motion without permission and provided the following meagre explanation:

> Admittedly this Motion is filed beyond the dispositive motion deadline set by this Honorable Court based on the mistaken belief the claims against T-Mobile USA had been dismissed; yet it is respectfully suggested that this Honorable Court should accept and rule on the Motion in the interests of judicial economy since the Plaintiff . . . ha[s] not asserted viable claims against T-Mobile USA supported by any expert evidence.

Def.'s Summ. J. Mot. 5. T-Mobile USA does not explain why it was under the mistaken belief that the claims against it had been dismissed. Furthermore, T-Mobile USA does not disclose when it discovered that it was still a party to the case. T-Mobile USA ignores the possible prejudice to McCoy that resulted from the delay, especially the potential advantage that T-Mobile USA received from waiting until after the Court had ruled favorably on the other defendants' motions for summary judgment before filing its own motion for summary judgment. Although T-Mobile USA might have a valid basis for summary judgment, judicial economy does not excuse T-Mobile USA's failure to

comply with the dispositive motion deadline. Moreover, it is T-Mobile USA's delay in filing its motion that deprived the Court of the efficiency it could have achieved by ruling on all summary judgments at the same time. I will deny T-Mobile USA's untimely motion for summary judgment for two reasons—it has failed to comply with the requirement of Rule 6(b)(1)(B) to file a formal motion for extension of time and it has failed to demonstrate that its delay constitutes excusable neglect.

                                                 _s/ANITA B. BRODY, J.___
                                                 ANITA B. BRODY, J.